# IN RE BUCHANAN.

---

PATENTS; PATENTABILITY; NEW COMBINATION OF OLD ELEMENTS.

1. It is no argument against patentability that the applicant's invention consists of a combination of elements old in the art.
2. Where the patentability of an invention relating to arc lamp electrodes, a developing art in the experimental stage, was conceded by the allowance of narrow claims, it was *held,* reversing a decision of the Commissioner rejecting broader claims, that the applicant should not be confined to the narrow limits of the claims granted, even though he averred that the best results had been obtained from the combination of the elements in the proportions set forth in the allowed claims, where that proportion was adopted as preferable only at the attained stage of experimental development, and his combination,

even where the preferred proportions were not used, nevertheless produced a new result.

No. 1109.   Patent Appeals.   Submitted May 16, 1917.   Decided June .2, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims in an application for a patent.                                              *Reversed.*

The facts are stated in the opinion.

*Mr. A. E. Parsons* and *Mr. Albert E. Nathan* for the appellant.

*Mr. T. A. Hostetler* and *Mr. W. R. Ballard* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the court:

This is an appeal from the decision of the Commissioner of Patents denying appellant, Frank Buchanan, certain claims on a patent relating to arc lamp electrodes.

Four claims of appellant's application, numbered 1, 4, 5, and 6, were rejected, of which claims 1 and 4 are illustrative:

"1. An electrode for luminous arc electric lamps comprising a metal electric conducting shell, and a dry pulverized compound of rutile, and the evaporated residue of water glass, intimately commingled, filled within the shell, such shell being of sufficient substance to carry the current to supply a conductive metal at the arc during the consumption of the electrode, and to render the fused end of the conductor conductive when cold, substantially as and for the purpose described."

"4. A slow-consuming luminous arc light electrode comprising a metallic shell and a filler composed principally of rutile and sodium silicate, substantially as and for the purpose described."

The references upon which appellant's claims were denied are two German patents and one Austrian patent. The elements entering into the various inventions are tabulated in the brief of counsel for appellant, as follows:

### A TABULAR COMPARISON.

| Sept. 11, 1906 | Dec. 18, 1906 | Jan. 28, 1908. | June 19, 1911 |
|---|---|---|---|
| German Patent 192,721 | Addition 194,007 to German 192,721 | Austrian Patent 35,299 | Appellant's Case |
| Iron tube | Iron tube | Iron tube | Iron tube |
| Titanium oxide | Titanium oxide | Titanium oxide | Titanium oxide |
| Iron filings | Iron filings | Expressly omits this | Omits |
|  | Sodium silicate | Expressly omits this | Sodium Silicate |

It appears from the above table that appellant refused to be guided by any one of the foreign patents. He omits the iron filings called for in both German patents, but omitted in the Austrian patent, and he uses sodium silicate, used in conjunction with the iron filings in the second German patent, but omitted from the first German and the Austrian patents. It is no argument against patentability that appellant's invention consists of a combination of elements old in the art. *Diamond Rubber Co.* v. *Consolidated Rubber Tire Co.* 220 U. S. 428, 55 L. ed. 527, 31 Sup. Ct. Rep. 444. The superiority of the invention in issue is set forth in the application, as follows: "I have found that an electrode constructed as described will give a practically steady, strong, white light, and will last from one and one quarter to twice as long as other luminous arc electrodes operating under the same conditions, and will be more perfectly consumed so that less soot is deposited than that with any other luminous arc electrode."

It is conceded that the art has not been developed to the point where accurate results may be obtained by reasoning from

cause to effect. Development depends almost wholly upon
experiments. The present case is not one where the advanced
step taken by appellant, even by the combination of elements
old in the art, belongs in the realm of mere mechanical improve-
ment obvious to one skilled in the art. This was recognized,
and properly so, by the Patent Office in granting the following
claims:

"2. An electrode for luminous arc electric lamps comprising
an iron shell about twenty-five one-thousandths of an inch thick,
and a filler within the shell, consisting of powdered rutile and
unevaporative residue of water glass, intimately commingled,
said rutile and residue being intimately mixed in substantially
the proportions of 12 pounds of rutile with the unevaporative
residue of 1 quart of water glass, substantially as and for the
purpose specified.

"3. The herein-described process of making electrodes for
luminous arc electric lamps consisting in mixing pulverized
rutile and water glass in substantially the proportions herein
set forth, into a plastic mass, evaporating the water of the moist
mass, pulverizing the dry product, and filling the same into a
metallic tube, substantially as and for the purpose set forth."

We think, considering the experimental status of this develop-
ing art, that there is no just reason for confining appellant to
the narrow limits of the claims granted. True, in his specifica-
tion, he avers that the best results have been obtained from the
combination of the elements in the proportions set forth in the
claims allowed, but that proportion is adopted as preferable only
at the attained stage of experimental development. His combi-
nation of elements, even where the preferred proportions are not
used, nevertheless produces a new result. Appellant should be
permitted broadly to profit by possible improvements to be at-
tained in the further development of his invention within the
limits of the present specification. Patentability being con-
ceded by the allowance of the narrow claims, we are of opinion
that the appealed claims should also be allowed.

The decision of the Commissioner of Patents is reversed, and

the clerk is directed to certify these proceedings as by law required.                                    *Reversed.*

Mr. Chief Justice Covington, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal in the place of Mr. Chief Justice Shepard.